**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4710**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

WILLIE LOUIS ROBINSON, a/k/a King Louie,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:12-cr-00219-WO-1)

Submitted: June 12, 2014         Decided: June 20, 2014

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Robinson appeals the 240-month below-Guidelines sentence imposed by the district court following his convictions by a jury of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), and five counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012). On appeal, Robinson's sole contention is that his sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Where, as here, there is no allegation of significant procedural error, we review the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within or below the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Yooho Weon, 772 F.3d 583, 590 (4th Cir. 2013).

We conclude that Robinson has failed to rebut the presumption of reasonableness that attaches to his below-Guidelines sentence. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). The district court took into account all of the factors identified by Robinson on appeal and weighed them according to the 18 U.S.C. § 3553(a) (2012)

factors. The court concluded that, in spite of Robinson's serious offense conduct and the need for deterrence, his age and the sentencing disparity for cocaine base offenses warranted a substantial variance below the Guidelines range. We conclude that Robinson's general attacks do not show that the district court improperly weighed the § 3553(a) factors. Therefore, his sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED